IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

THOMAS J. COFFELT,        )
                                  )
            Petitioner,     )    Case No. CV-06-508-S-EJL
                                  )
v.                        )    **MEMORANDUM DECISION**
                                  )    **AND ORDER**
R. BLADES, Warden,       )
                                  )
            Respondent.   )
_____ )

Pending before the Court in this habeas corpus case is Respondent's Motion for Summary Dismissal (Docket No. 8), wherein Respondent seeks dismissal of Petitioner's Petition on grounds of untimeliness.  Petitioner has filed a Response, and the Motion is now fully briefed.  Also pending are several motions filed by Petitioner (Docket Nos. 11 & 15).  After reviewing the record, the state court record, and the arguments of the parties, the Court enters the following Order.

## MOTION TO DISMISS

**A.    Background**

Petitioner challenges several different convictions in this case.  In Canyon County Case No. CR-89-12404 and Canyon County Case No. CR-89-12735, Petitioner pled guilty

MEMORANDUM DECISION AND ORDER 1

to lewd conduct with a minor child, was sentenced to eighteen years determinate with life indeterminate, and placed on probation.  His probation was later revoked, and he was ordered to serve his sentences in prison.  *See State's Exhibit A-1.*

Petitioner was charged with and pled guilty to a third count of lewd conduct in Canyon County Case No. CR91-7719.  He received a sentence of twenty years determinate with life indeterminate, to run concurrently with his two earlier sentences.  *See State's Exhibit C-1.*

Petitioner filed appeals in none of his cases.  However, after his counsel was found to have been ineffective, he was permitted to file new appeals after new judgments were entered.  *See State's Exhibit A-1*, pp. 29-31.  On February 26, 1996, the Idaho Court of Appeals affirmed the trial court's order revoking Petitioner's probation and ordering his sentences executed in his first two cases.  *See State's Exhibit B*-3.  He attempted to file a petition for review with the Idaho Supreme Court, but the Court declined to file it because it was untimely.  *State's Exhibit B-6.*  The Idaho Supreme Court issued its remittitur on March 19, 1996.  *State's Exhibit B-7.*

In his third case, the Idaho Court of Appeals affirmed Petitioner's judgment and sentence on September 5, 1995.  Petitioner did not file a petition for review with the Idaho Supreme Court.  The Idaho Court of Appeals issued its remittitur on September 27, 1995.  *State's Exhibits D-1 through D-4.*

MEMORANDUM DECISION AND ORDER 2

Petitioner thereafter filed two habeas corpus petitions directly with the Idaho Supreme Court, both of which were denied. *See State's Exhibits E-1, E-2, F-1 & F-2.* Petitioner's federal petition was filed on December 15, 2006 (mailbox rule date).

**B.     Standard of Law**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner. When a court is considering a motion to dismiss, it may take judicial notice of facts outside the pleadings. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281 (9th Cir. 1986).[1] A court may look beyond the complaint to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary judgment. *Id.* Accordingly, the Court shall take judicial notice of those portions of the state court record lodged by the parties.

The current Petition is governed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which provides for a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the date of one of four triggering events, as specified in 28 U.S.C. § 2244(d)(1)(A)-(D). The most common triggering event is the date upon which the conviction became final, either after direct appeal or after the time for

---

[1] *abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104, 111 S.Ct. 2166 (1991).

seeking an appeal has expired.

The statute provides tolling (suspending) of the one-year period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This is called "statutory tolling."

**C.     Discussion**

As set forth above, in 1995 the state court reinstated Petitioner's right to appeal by entering an amended judgment On February 26, 1996, on direct appeal of his two 1989 cases (CR89-12404 and CR 89-12735), the Idaho Court of Appeals affirmed the trial court's decision. Petitioner filed a late petition for review with the Idaho Supreme Court, but it was denied, the Court declining to file it because it was not timely. On March 19, 1996, the remittitur issued.

This Court assumes without deciding that Petitioner would be allowed ninety days to file a petition for certiorari before the United States Supreme Court. That would make his judgment finality date June 17, 1996, several months after AEDPA's enactment. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir.1999). As a result, Petitioner had until June 17, 1997, in which to file a federal habeas corpus petition, absent any statutory tolling for properly-filed post-conviction review actions.

In his third case, Petitioner filed an appeal.  On September 5, 1995, the Idaho Court of Appeals affirmed his judgment of conviction and sentence.  Petitioner did not file a petition for review, and, therefore, the remittitur issued on September 27, 1995.  Ninety days is *not* added to the time period for finality because Petitioner could *not* have filed a petition for certiorari from an Idaho Court of Appeals opinion.  *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).  Because this judgment was final prior to AEDPA's enactment, Petitioner had the one-year grace period in which to file his petition.  *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).  His petition would have been due April 24, 1997, absent any statutory tolling.

Petitioner filed a petition for writ of habeas corpus with the Idaho Supreme Court on September 10, 1996.  That petition was denied on September 20, 1996.  Again, assuming without deciding that this petition was properly filed, the Court finds that this gives Petitioner a credit of only ten days against a deficit of approximately ten years.  Petitioner did not have another state court filing until February 22, 2006, obviously too late to toll the federal statute of limitations.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Because the statutes of limitations expired on all of Petitioner's cases in 1997, Petitioner's current Federal Habeas Corpus Petition, filed on December 19, 2006, was many years too late.

MEMORANDUM DECISION AND ORDER 5

D.     **Equitable Tolling**

If, after applying statutory tolling, a petitioner's petition is deemed untimely, a federal court can hear the claims only if the petitioner can establish that "equitable tolling" should be applied.    In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court clarified that, "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."    *Id*. at 418.   In order to qualify for equitable tolling a circumstance must have *caused* Petitioner to be unable to file his federal Petition in time. *See Allen v. Lewis,* 255 F.3d 798, 800 (9th Cir. 2001) (requiring petitioner to show that "extraordinary circumstances" were the "but-for and proximate cause of his untimeliness").

2.    Discussion

Respondent provided Petitioner with the proper standard of law for equitable tolling in the Memorandum supporting the Motion to Dismiss (Docket No. 8-2).  In his Response, Petitioner asserts that he does not have access to his criminal records and transcripts. Petitioner has not shown how having the criminal records and transcripts would aid him in making a showing of why his federal petition was filed approximately nine years too late. Rather, Petitioner must show that some type of "extraordinary circumstance" stood in the way of his filing his federal habeas petition for the nine-year period of time.  If Petitioner describes how a copy of the transcripts would help make such a factual showing, the Court will consider providing them to him.  However, at this point, they would not be helpful.

Petitioner also alleges that he is under psychological care at the prison, that he is a

MEMORANDUM DECISION AND ORDER 6

qualified individual with a disability, and that he can be regarded as psychologically disabled.  He also asserts that he has a sixth-grade education and is "literacy disabled." Petitioner shall be given leave to file any medical or psychological records that show he was unable to file his federal petition during the nine years preceding the date of his filing as a result of his psychological and other difficulties.

Plaintiff should be mindful that ignorance of the law alone is not an appropriate ground for equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006).  Similarly, in the procedural default context, the Ninth Circuit has held that illiteracy, borderline mental deficiency, and reliance upon an incompetent jailhouse lawyer are not adequate grounds to show cause to excuse procedural default. *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988); *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 907-08 (9th Cir. 1986)**.**

The Court shall provide Petitioner with an opportunity to present argument and evidence in support of equitable tolling.  He shall present his argument in the form of a "motion to proceed on the merits of the petition"; any exhibits or affidavits in support of his argument shall be presented with his motion.  Thereafter, Respondent may file a response.

MEMORANDUM DECISION AND ORDER 7

## PETITIONER'S MOTIONS

**A.      Motion to Augment Issues (Docket No. 11)**

Petitioner alleges that he should be permitted to amend his Petition to assert a claim that "good time credit" should be credited against his indeterminate life sentence, making his full-term release date twenty years, the end of his longest fixed sentencing period.

The Court agrees with Respondent's position that Petitioner's claim is legally frivolous, and amendment should not be permitted.  *See Response* (Docket No. 12).  The former "good time" system was prospectively eliminated by the Idaho State Legislature in 1986.  With that change, crimes committed on or after July 1, 1986, are not eligible for "good time credit."  *See* I.C. § 20-101A;  *State v. Amerson*, 742 P.2d 438, 439 (Idaho Ct. App. 1987).  Here, Petitioner's judgment was for offenses that occurred in 1988 (one case) and 1989 (two cases).  As a result, Petitioner is not entitled to "good time credit."

Petitioner also attempts to latch onto an argument that several other litigants are pursuing in federal court, which is that because prior to 1983 an indeterminate life sentence was considered thirty years for purposes of parole eligibility calculation, it should be considered thirty years for purposes of release.[2]  Here, Petitioner's judgments of conviction

---

[2]  Petitioner's claim that an indeterminate life sentence was intended to be no longer than 30 years sentence is based on the following theory.  In *State v. Wilson*, 672 P.2d 237 (Idaho Ct. App. 1983), the petitioners argued that prior case law supported the view that a prisoner with a fixed life sentence was eligible to be released from prison after serving 30 years.  That court noted:

> The uncertainty on this point may arise from language in several Idaho Supreme Court decisions concerning indeterminate sentences, stating that for the purpose of determining parole eligibility, any sentence beyond thirty years is an effective life sentence. *See King v. State*, 93 Idaho 87, 456 P.2d 254 (1969); *State*

were entered in 1989 and 1991, well after such arguments had been rejected by the Idaho Court of Appeals in 1983.

In addition, Petitioner's argument is applicable only to sentences that were pronounced *prior* to the adoption of the 1986 Unified Sentencing Act, under which the court is required to set a minimum period of confinement (during which the defendant shall not be eligible for parole), and it is permitted to set a maximum period of confinement that cannot exceed the maximum statutory punishment for the crime (during which the defendant may be considered for parole). Because Petitioner was sentenced under the Unified Sentencing Act, his argument is inapplicable. *See State v. Wood*, 876 P.2d 1352, 1354 (Idaho 1993) ("the quote from *King* identified by [inmates] no longer has precedential value in light of the adoption of the Unified Sentencing Act in 1986, codified at I.C. § 19-2513."). Petitioner has provided no legal or factual basis for such a claim, and, therefore, allowing amendment

---

> *v. Butler*, 93 Idaho 492, 464 P.2d 931 (1970); and *Pulver v. State*, 93 Idaho 687, 471 P.2d 74 (1970), *overruled on other grounds, State v. Tucker*, 97 Idaho 4, 539 P.2d 556 (1975). From this language, the view apparently has evolved that a life sentence means thirty years and that a person sentenced to a fixed life sentence will be eligible for release-outright or on parole-after thirty years. We believe this view is incorrect.

*Id*. at 243 (The Idaho Court of Appeals's decision was later overruled on other grounds by the Idaho Supreme Court in *State v. Wilson*, 690 P.2d 1338 (1984)).

As a result of *King v. State*, many prisoners with indeterminate life sentences are now arguing that an indeterminate life sentence necessarily terminates in 30 years. Some of these cases are currently pending in state court, and some are in federal court.

The Idaho Court of Appeals recently reiterated that "under Idaho law, a life sentence is not and never has been a thirty-year sentence," in *State v. Murphy*, 158 P.3d 315, 316 (Idaho Ct. App. 2007) (citing *State v. Wood*, 876 P.2d 1352 (Idaho 1993).

MEMORANDUM DECISION AND ORDER 9

would be futile.

**B.      Motion for Evidentiary Hearing (Docket No. 15)**

        Petitioner has requested an evidentiary hearing.  The decision to grant an evidentiary

hearing in federal habeas corpus cases governed by AEDPA "is left to the sound discretion

of district courts."  *Schriro v. Landrigan*, 127 S.Ct. 1933 (U.S. 2007).  Presently, Petitioner

has not alleged circumstances that, if true, would entitle him to equitable tolling of the nine-

year period by which the Petition was late.  Therefore, he is not presently entitled to an

evidentiary hearing to develop the factual record in support of his assertions.  *See Whalem-

Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000).  However, the Court will allow him to

expand the record with any exhibits and affidavits he wishes to submit.  *See Laws v.

Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003).  Thereafter, the Court will reconsider whether

an evidentiary hearing is required or whether a final order of dismissal should be entered.


**ORDER**

        NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion to

Dismiss (Docket No. 8) is CONDITIONALLY GRANTED.  The Court gives notice to the

parties that it intends to dismiss this case with prejudice on the basis of the untimeliness  of

all claims.  Petitioner shall have until **February 29, 2008**, in which to file a motion to

proceed on the merits of the petition to show that his claims are not untimely or that factual

grounds exist to grant him equitable tolling.  Petitioner shall include any documentary

evidence or affidavits required to support his factual allegations.  Respondent may file a

MEMORANDUM DECISION AND ORDER 10

response, if desired.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion to Augment Issues in Petition (Docket No. 11) is DENIED.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Evidentiary Hearing (Docket No. 15) is DENIED as premature.

DATED:  **January 14, 2008**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM DECISION AND ORDER 11